Opinion of the Court.
THIS writ of error is brought to reverse a judgment recovered by Crenshaw, in an action of assumpsit brought against Ford in the court below.
The assignment of errors questions the sufficiency of the declaration.
The declaration, in substance, alleges, that Crenshaw having undertaken to perform the house joiner’s and carpenter’s work of a house for a certain Wilson Maddox, and one John Hannow having also undertaken to perform the house-joiner’s and carpenter’s work of a house for Ford, an agreement was made and entered into between Crenshaw and Hannow, wherein they stipulated to exchange work; the said Hannow, on his part, to assist Crenshaw in the completion of the work which Crenshaw had undertaken for Maddox, and Crenshaw, on his part, to assist Hannow in the performance of the work which Hannow had undertaken for Ford, and that each should receive pay for the work performed for the other, proportionate to its value; that in pursuance to the agreement, Hannow assisted in the performance of the work undertaken by Crenshaw, and received pay therefor, and that some short time thereafter, Crenshaw, with Hannow, commenced the work which Hannow had undertaken for Ford. and having shortly thereafter discovered. that Ford had, in part, paid Hannow for the work, and knowing, that if the whole should be paid to Hannow, he, Crenshaw, might be put to difficulty and trouble in obtaining pay for the work which he might perform, a conversation was had and moved between Crenshaw and Ford, wherein Ford stated, that he had not paid Hannow more than forty dollars, and that he would not pay him more until the work was performed, and then and there promised and agreed with Crenshaw, that if he would go on with the work, he would pay him for the proportion of the work done by him when the work should be completed, or give his, Ford's, note to each. Hannow and Crenshaw, separately; and the declaration avers, that in consequence of Ford's *70 promise so made, Crenshaw proceeded with the work on the house of Ford, and actually performed work thereon to the value of $97 91 ; and that thereafter, whilst Crenshaw was so proceeding with the work, he was informed by Ford that he had paid Hannow as much as would amount to the building of the house, and advised Crenshaw to discontinue his labor; where upon, Crenshaw, although ready and willing, and offering to proceed, did, in consequence of Ford’s request, quit the work, after having performed labor to the value of the said $97 91. &c. &c.
1. The allegations contained in this declaration, cannot be admitted sufficient to maintain the action against Ford. It cannot be doubted, but that at the time of the promise alleged to have been made by Ford, Crenshaw was, in consequence of his previous agreement with Hannow, under a legal obligation to assist Hannow in the completion of Ford’s work, and that Hannow was also under a previous obligation to have the work performed ; for the declaration not only sets forth a valid contract between Crenshaw and Hannow, to assist each other in the performance of the work which each had respectively undertaken ; but it also alleges, that Hannow had previously undertaken to do the work for Ford. It is, moreover, apparent, that under the agreement between Crenshaw and Hannow, the latter became responsible, and alone responsible, to the former, for any work which might be performed by him, on the house of Ford. The agreement was made by them only, and it was on the personal responsibility of each, that they must be supposed to have contracted. Crenshaw being, therefore, under a legal obligation to assist Hannow, in the completion of the work for Ford, his promise thereafter made to Ford, that he would progress with the work, cannot be admitted to raise a valid consideration for the promise alleged to have been made by Ford. It cannot be supposed to have produced any prejudice to Crenshaw ; because it was barely to do that which the was bound to do, and for a failure to do which, he would have been responsible to Hannow ; and it, cannot be supposed to have benefitted Ford ; because, he had previously contracted with Hannow, for the performance of the work, and was accountable to Hannow, when performed. A consideration, therefore, *71 which is thus neither prejudicial to the promisee, nor beneficial to the person promising, cannot, according to the well settled principles of the common law, uphold a promise made thereon ; and consequently, the promise alleged to have been made by Ford to Crenshaw, must be considered a mere nudum pactum, and not sufficient to maintain the action of Crenshaw.
The declaration is, therefore, insufficient, and the judgment rendered thereon against Ford, must be reversed with costs. The cause must be remanded to the court below, with permission for Crenshaw to amend his declaration, if he should desire to do so; but if he should fail to allege a sufficient consideration, his suit must be dismissed with costs.